**Esther Alice BIIRA, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

No. 02–60967.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 11, 2003.

Scott D. Levy, Houston, TX, for Petitioner.

Ernesto Horacio Molina, Jr., Anthony Cardozo Payne, US Department of Justice, John Ashcroft, pro se, US Department of Justice, David V. Bernal, Thomas Ward Hussey, Director, Mary Jane Candaux, US Department of Justice, Washington, DC, Hipolito Acosta, US Immigration & Naturalization Service, Houston, TX, Caryl G. Thompson, US Immigration & Naturalization Service, New Orleans, LA, for Respondent.

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM.*

Esther Alice Biira ("Biira") petitions for review of the decision of the Board of Immigration Appeals affirming the immigration judge's decision that Biira, a native and citizen of Uganda, is not eligible for political asylum, withholding of removal, or protection under the Convention Against Torture. In support of her petition, Biira has presented documents reflecting that her sister and brother-in-law have been granted political asylum by the United States. However, this evidence

---

was not part of the administrative record and may not be considered for the first time in this appeal. *See* 8 U.S.C. § 1252(b)(4)(A); *see Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 n. 15 (5th Cir.2001) ("It is a bedrock principle of judicial review that a court reviewing an agency decision should not go outside of the administrative record."); *Faddoul v. INS*, 37 F.3d 185, 190 (5th Cir.1994) (proper venue for proffering new evidence is through a motion to BIA reopen the case).

Substantial evidence supports the determination that Biira is ineligible for asylum or withholding of deportation on account of persecution, a well-founded fear of persecution, or a clear probability of persecution. *See Mikhael v. INS*, 115 F.3d 299, 306 (5th Cir.1997); *Faddoul*, 37 F.3d at 188. Substantial evidence also supports the determination that Biira is ineligible for relief under the Convention Against Torture because Biira did not meet her burden of showing that it was more likely than not that she would be tortured upon returning to Uganda. *See Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir.2002).

DENIED.

---

* District Judge of the Western District of Louisiana, sitting by designation.

** Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstance set forth in 5th Cir. R. 47.5.4.